GEORGE B. SAXENMEYER, RELATOR, v. THE STATE
BOARD OF REGISTRATION AND EXAMINATION IN
DENTISTRY, RESPONDENT.

Argued November 8, 1909—Decided January 13, 1910.

Whether the state board of registration and examination in dentistry
shall license an applicant unless he shall submit to the exami-
nation required by our statute is discretionary with the board,
and such discretion was not abused in refusing an application
when it did not appear that the relator had "been duly licensed
after examination" in another state, that being one of the re-
quirements of our act regarding such applications.

On motion for writ of *mandamus.*

Before Justices REED, BERGEN and MINTURN.

For the relator, *Hudspeth & Lane.*

For the respondent, *Josiah Stryker* and *Edmund Wilson,*
attorney-general.

The opinion of the court was delivered by

BERGEN, J. This is an application for a writ of *mandamus,*
or a rule to show cause why such writ should not issue, com-
manding the state board of registration and examination in
dentistry to license the relator to practice dentistry in this
state. The application is based upon section 6 of the act relat-
ing to the practice of dentistry (*Pamph. L.* 1898, *p.* 119), as
amended in 1901 (*Pamph. L., pp.* 395, 396), which reads as
follows: "Said board shall register as licenesd dentists, and
under its seal and the hand of its president and secretary, issue
to all persons who shall successfully pass said examination, its
license to practice dentistry in this state; the board may also,
without the examination hereinabove provided for, issue its
license to any applicant therefor who shall furnish proof satis-

factory to it that he has been duly licensed, after examination, to practice dentistry in any state after full compliance with the requirements of its dental laws; provided, however, that his professional education shall not be less than that required in this state; every license so given shall state upon its face the grounds upon which it is granted, and the applicant may be required to furnish his proof upon affidavit; the fee for such license shall be twenty-five dollars." It will be observed that this section requires the board to register and license to practice dentistry in this state all persons who may successfully pass the examinations provided for in the earlier part of the act, and also provides that the board *may,* without requiring an examination, license any applicant who shall furnish satisfactory proof to the board that he has been licensed, after examination, to practice dentistry in any state after full compliance with the requirements of the dental laws of such state, and that his professional education is not less than that required in this state.

The claim of the appellant is that the board has no discretion in this class of cases, and that the word "may" must be taken to be mandatory, and the board compellable to issue a license to such applicant if he submits proof that he has been licensed in another state after examination, and has complied with its laws on the subject. This contention we do not agree to. The statute, in cases where an examination is successfully passed, uses the word "shall," but the same section of the statute, in referring to applicants who seek a license without successfully passing the examination required by the statute, uses the word "may," which we think clearly indicates that the legislature intended that in one case no discretion should be allowed, while in the other the power to license is discretionary, otherwise it is difficult to understand why "shall" was applied to one class of cases and "may" to another. The primary object of the act is to forbid the practice of dentistry by persons not qualified, and to determine whether qualified or not, the simple and ordinary method of an examination by a board appointed for that purpose is required, and

when a successful examination has been passed, and the other conditions imposed by the act complied with, it is made the duty of the board to grant a license. The examination is for the benefit of the public, its object being to protect the public against incompetent practitioners, and no person is precluded, subject to proper conditions contained in the statute, from applying for a license and submitting himself to an examination, but when one seeks a license who is unwilling to submit to the examination, the waiving of such examination by the state board is committed to its discretion, for they are not commanded by the law to waive the examination, they may do so if the applicant places himself within the class to which the exercise of their discretion is permitted by the law. *State* v. *Knowles,* 90 *Md.* 646.

In this case the applicant filed with his application a certificate of the dean of the University of Pennsylvania that relator had received from such university a diploma conferring upon him the degree of doctor of dental surgery, on which was endorsed what the state board assumed to be the approval of the Pennsylvania State Dental Examining Board of the State of Pennsylvania, dated November 18th, 1895; the photograph of the relator, and a check for $25; a certificate of good moral character, by two persons, one a resident of Camden, New Jersey, and the other of the city of Philadelphia; an affidavit of the relator that he is the person referred to in such certificates; an affidavit by the president of the Central High School of Philadelphia that the relator was a student of such school from February, 1887, to May, 1890.

The relator's application was considered and refused by the state board because, as appears from the affidavit of its secretary, among other reasons, no proof was submitted that the relator was licensed to practice in the State of Pennsylvania, "after examination and full compliance" with the laws of that state. Neither the diploma nor the endorsement thereon can be said to be satisfactory proof that the relator was licensed to practice in Pennsylvania after examination and full compliance with its laws, nor are they satisfactory proof that a

license was ever granted to the relator in the State of Pennsylvania. The affidavits of the respondent show that the relator presented his diploma to the secretary of the board of examiners of Pennsylvania, and that he made the endorsement thereon as a matter of course without any action by the state board of examiners, and that no examination was made of the relator by that board as to his qualifications to practice dentistry, for the affidavit of the secretary of the Pennsylvania board of examiners is that he made the endorsement without any examination in order that the relator might have the diploma registered in order to entitle him to practice in that state. This is not denied by the relator, and it thus appears, without contradiction, that the relator had not "been duly licensed after examination" to practice dentistry in Pennsylvania, a condition required by our statute before the respondent was endowed with any discretion to waive the examination required by section 3 of the act. Nor does it appear that the diploma was ever registered in Pennsylvania, to allow which the endorsement was said to have been made.

There is also another reason upon which the board of examiners of this state based their denial of this application, one which we deem equally decisive against it. It appears that before relator's application was considered and denied he had been indicted by the grand jury of the county of Hudson for violating the statute under which his application was filed, and in our opinion this furnished ample justification for the action of the state board in refusing to issue a license to the relator.

For the reasons which we have given this application for a *mandamus* should be refused, and it is so ordered.